**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2907
_____

INNA GOLOD,

Appellant.

v.

BANK OF AMERICA CORPORATION;
BANK OF AMERICA TECHNOLOGY AND OPERATIONS, INC.;
MBNA TECHNOLOGY, INC.

_____

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 1-08-cv-00746)
District Judge:  Hon. Noel L. Hillman

_____

Argued on November 3, 2010

Before:  SCIRICA, RENDELL and ROTH, <u>Circuit Judges</u>

(Opinion filed December 13, 2010)

Gary W. Aber, Esquire **(Argued)**
Aber, Goldlust, Baker & Over
704 King Street, Suite 600
P. O. Box 1675
Wilmington, DE   19899

Counsel for Appellant

Elena Marcuss, Esquire **(Argued)**
McGuire Woods LLP
7 St. Paul Street, Suite 1000
Baltimore, MD   21202
Bruce M. Steen, Esquire
McGuire Woods LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, NC   28202

Counsel for Appellees

**ROTH**, Circuit Judge:

Inna Golod appeals the order of the United States District Court for the District of Delaware granting defendants' Motion to Dismiss and denying her Motion to Amend. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review the District Court's decision to grant defendants' Motion to Dismiss under a plenary standard. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). The District Court's decision not to grant Golod's Motion to Amend is reviewed for an abuse of discretion. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  For the reasons set forth below, we will affirm the judgment of the District Court.

## I.  Background and Procedural History

Golod filed a complaint against Bank of America Corporation, Bank of America Technology and Operations, Inc., and MBNA Technology, Inc. (collectively Bank of America) on October 2, 2008.  Golod's complaint asserts six causes of action:  (1) discrimination on the basis of sex, national origin, and religion pursuant to Title VII of

2

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Title VII); (2) racial and national origin discrimination pursuant to 42 U.S.C. § 1981 (§ 1981); (3) retaliation pursuant to Title VII; (4) retaliation pursuant to § 1981; (5) defamation; and (6) intentional infliction of emotional distress.

Golod filed a Charge of Discrimination with the Delaware Department of Labor (DDOL) and Equal Employment Opportunity Commission (EEOC) on March 12, 2007, alleging that she was discriminated against based on her sex and national origin. The DDOL concluded that there was no reasonable cause to believe Golod had been discriminated or retaliated against. The EEOC adopted the findings of the DDOL and issued a dismissal and Notice of Rights.

The gist of Golod's allegations is as follows: Golod, a Russian-born woman, who is a naturalized American citizen of Jewish ancestry and religion with 23 years of software engineering experience, began working for Bank of America in May 1996 as a Technology Leader for new technology projects. She is a well-educated, experienced professional. She claims that, despite consistently receiving high marks for performance, she was repeatedly denied promotion requests, relegated to positions she considered beneath her, denied various educational opportunities, and forced to work in professional isolation. Other employees secured promotions and educational opportunities that Golod sought but did not obtain. The complaint does not aver that the other employees were not members of her asserted protected classes; rather, it alleges only that individuals with less experience were promoted over her. She contends that her complaints to management about this supposed mistreatment were met with further assignments to less desirable

3

positions.[1] On November 17 2006, Bank of America notified Golod that she was being terminated.

On October 27, 2008, Bank of America moved to dismiss Golod's complaint. The District Court granted the motion on all counts, holding that Golod's allegations of discrimination and retaliation were broad, conclusory and failed to allege the elements of a Title VII or § 1981 claim. *Golod v. Bank of Am. Corp.*, Civil No. 08-746, 2009 WL 1605309 (D. Del. June 4, 2009). Specifically, the District Court found that Golod failed to allege that nonmembers of the protected class were treated more favorably. *Id.* at *3. The District Court also noted that Golod's allegations do not detail what protected conduct she engaged in, what promotions she was denied, or which Bank of America employee or employees denied her promotion and educational requests. *Id.*

While the District Court was considering the motion to dismiss, Golod filed a Motion to Amend her Complaint and attached a Proposed Amended Complaint. The Proposed Amended Complaint did not attempt to amend Golod's discrimination and retaliation claims; it only sought to amend her defamation claims. The District Court found that Golod's proposed amendments would be futile for the purpose of amending her discrimination and retaliation claims because her failure to "propose amendments to those counts in light of defendants' pointed and clear challenges to them is evidence that

---

[1] Golod asserted for the first time in a footnote of her Reply Brief that the EEOC charge "states that not only was Mrs. Golod the subject of discrimination, but also '. . . all Russian born female workers based on their national origin complained of their treatment . . . .'" (*See* Appellant Reply Br. at 19 n.3.) We decline to consider arguments raised on appeal for the first time in a reply brief. *Laborers' Int'l. Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

she has no such facts to plead." *Id.* at *4 n.5. Golod appealed.

## II. <u>Analysis</u>

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), require a plaintiff to set forth "sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 500 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . ." *Id.* at 1949. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

A court must engage in a two-step analysis to ensure compliance with the *Iqbal* pleading standard: (1) a court must ignore legal conclusions and (2) consider only those allegations entitled to a presumption of truth to determine whether "they plausibly give rise to an entitlement to relief." *Id.* at 1950; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-12 (3d Cir. 2009).

### A. Golod's Discrimination Claims

We first consider whether the District Court properly dismissed Golod's discrimination and retaliation claims. In order to overcome a motion to dismiss these claims, Golod has the burden of pleading sufficient factual matter that permits the reasonable inference that Golod was terminated or retaliated against because of her race,

sex, and/or national origin. *See Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 318-19 (3d Cir. 2000). Golod has not met her burden. Rather, her allegations are "naked assertions 'devoid of further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

With respect to her discrimination claims, Golod offered no factual allegations to bolster her legal conclusions. For example, she did not provide any characteristics of those individuals who received the promotions to which she alleges she was entitled. She did not provide any factual allegations regarding those promotions, who rejected her promotion requests and whether she was, in fact, qualified to fill those positions. Instead, she conclusorily asserted that she was denied promotions and educational opportunities. The District Court could not, nor can we, infer from these allegations that the denial of these requests and opportunities was because of her Russian and/or Jewish heritage.[2] Thus, because she has failed to allege any causal connection between her Russian and/or Jewish heritage and Bank of America's decision to terminate her position, we will affirm the District Court's dismissal of her discrimination claims.

---

[2]     Like the District Court, we focus on the absence of adequate comparator evidence because this appears to be the most obvious way to supplement Golod's deficient complaint. But Golod was not required to plead comparator evidence to support an inference of discrimination. Such an inference could be supported in a number of ways, including, but not limited to, comparator evidence, evidence of similar racial discrimination of other employees, or direct evidence of discrimination from statements or actions by her supervisors suggesting racial animus. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002).

**B. Golod's Retaliation Claims**

Golod's retaliation claims suffer from similar fatal shortcomings. She does not provide any factual matter to support her conclusory allegations of retaliation, and thus she failed to move these claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (citing *Twombly*, 550 U.S. at 570). After correctly disregarding Golod's legal conclusions, the District Court was left with insufficient "factual content that [would allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 570, 556-57).

**C. Golod's Request for Amendment**

We next consider whether we should remand this case to the District Court so that Golod may amend her discrimination and retaliation claims. Golod argues that the District Court's order closing the case simultaneously with the issuance of its opinion precluded her from amending her original complaint or seeking another form of relief short of appealing to this Court.[3] We agree with the District Court that Golod is not entitled to another opportunity to amend her complaint.

Rule 15(a) grants Golod one amendment as a matter of right for 21 days after Bank of America filed its Motion to Dismiss. Fed. R. Civ. P. 15(a); *see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Golod did, in fact, exercise her 15(a) right to amend her complaint but failed to add any allegations to her discrimination and retaliation claims. Despite several opportunities to

---

[3] The administrative "closing" of the case did not of course prevent Golod from moving to amend the complaint or from filing a motion for reconsideration. *See Fletcher-Harlee Corp. v. Pate*, 482 F.3d 247, 252 (3d Cir. 2007).

do so, Golod has failed to articulate throughout the proceedings before the District Court and this Court the substance of any proffered amendments to her discrimination and retaliation claims  Thus, there is no reason to believe that, on remand, she can make averments sufficient to nudge her claims across the line from conceivable to plausible. The District Court correctly determined that further amendment would be futile.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## III.  Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

8